UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENISE EBANKS** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 12-743** |
| | * | |
| **UNITED STATES OF AMERICA, ET AL.** | * | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is a Motion (R. Doc. 94), filed on behalf of Plaintiff, seeking reconsideration of the Court's recent Order and Reasons (R. Doc. 93). After considering the parties' submissions and the applicable law, the Court now enters this Order and Reasons.

## I. BACKGROUND

This case arises out of the death of John Ebanks on April 27, 2011. Plaintiff avers that on that day, her husband, the decedent, was employed by Defendant American Ship Management, LLC ("ASM") and Defendant Patriot Contract Services, LLC ("Patriot") as an engineer onboard the USNS SHUGHART, a vessel owned by Defendant United States of America and operated by ASM and Patriot. At the time of the accident, the USNS SHUGHART was in Reduced Operating Status ("ROS"), with only a small crew aboard. The decedent was a Group 1 union member of Defendant MEBA.

The parties do not dispute the following facts: on April 27, 2011, the decedent was returning to the ship from authorized shore leave when the vehicle in which he was riding struck an oak tree on the 4800 block of East Saint Bernard Highway. The decedent owned the truck, but at the time of the accident, the decedent was a passenger; the driver was a fellow crew

member.  At the time of the collision, both the driver and the passenger were legally intoxicated.  As a result of the collision, the decedent sustained severe injuries that ultimately resulted in his death.

On March 19, 2012, Plaintiff filed suit against Defendants ASM, Patriot, and the United States of America, seeking to recover wrongful death damages for Defendant's alleged negligence under the Jones Act and for the alleged unseaworthiness of the USNS SHUGHART.  In addition, Plaintiff alleges she is entitled to recover survival action damages and asserts her right to cure.

Plaintiff has also filed suit against Defendant MEBA Medical & Benefits Plan.  Plaintiff alleges that, at the time of the accident, she and the decedent were beneficiaries of the MEBA Medical Plan.  However, when Plaintiff asked MEBA to pay the medical bills associated with the decedent's death, it refused, citing a past arbitration award.[1]  Plaintiffs alleges that, in the event the Court rules that Defendants USA, ASM, and Patriot are not required to pay the decedent's medical bills, MEBA should be ordered to pay those bills and/or reimburse Plaintiff for her payment of them.

Defendants USA, ASM, and Patriot have filed an answer denying liability and asserting affirmative defenses, including willful misconduct, pointing in part to the fact that both men had blood-alcohol levels above the legal limit at the time of the accident.  In addition, they contend that any unpaid medical bills would be the obligation of MEBA.  Finally, Defendant USA submits that Plaintiff's remedies, if any, lie against the automobile liability insurance

---

[1] On August 22, 2002, the arbitrator in *In the Matter of the Arbitration Between District No. 1, PCD, MEBA, and Marine Transport Lines, Inc., Claim of Michael Derke*, ruled that MEBA engineers assigned as members of the crew of an ROS vessel remain in the service of the vessel and in the course and scope of employment while on shore leave.

carrier of the driver of the vehicle and the Department of Transportation and Development.

Defendant MEBA has also filed an answer denying liability and asserting affirmative defenses.  According to MEBA, Plaintiff is not entitled to relief from MEBA because the Medical Plan excludes coverage for charges incurred in connection with an injury arising out of the course and scope of covered employment.

All parties sought summary judgment, and, on May 21, 2013, the Court issued an Order and Reasons finding that the driver of the truck was not within the course and scope of his employment, but that the decedent passenger was within the course and scope of his employment, at the time of the accident. (R. Doc. 93).  Two days later, Plaintiff filed the instant Motion seeking reconsideration and/or a new trial. (R. Doc. 94).

## II. PENDING MOTION

In support of her Motion, Plaintiff argues that the Court applied the wrong standard in making its findings as to whether the decedent and his fellow sailor were under the influence of alcohol.  Plaintiff further argues that she has submitted evidence that the Defendants condoned drinking to excess and driving while intoxicated so as to preclude summary judgment.  Finally, Plaintiff argues that the Court has not yet addressed her claim of direct negligence under the Jones Act based on the captain's alleged failure to enforce the ship's alcohol policy.

Defendants oppose Plaintiff's Motion. (R. Doc. 99) (sealed).  Defendants aver that Plaintiff has failed to meet the applicable standard because she has not presented any new evidence or shown any manifest error of fact or law.  Defendants argue that the evidence supports the conclusion that the driver was under the influence of alcohol under any definition.  Defendants further argue that these sailors', or other crew members', alleged violations of Louisiana law and Coast Guard and other policies cannot be construed as the Defendants'

condoning of such conduct. Finally, Defendants argue that the claim of direct negligence fails as a result of the above points and because of the lack of a duty to warn the sailors of the risks of drinking and driving.

### III. LAW AND ANALYSIS

Motions asking a court to reconsider an Order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged Order. *See* Fed. R. Civ. P. 59(e). Because Plaintiff's Motion seeks reconsideration of the Court's Order and Reasons of May 21, 2013, and was filed within 28 days of entry of this Order and Reasons, the Court treats the Motion as one pursuant to Rule 59(e).[2]

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A "'[m]anifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). In the Fifth

---

[2]Plaintiff's Motion also seeks a new trial. Because this matter was resolved on summary judgment, the Court will construe Plaintiff's Motion as a Motion seeking reconsideration rather than one seeking a new trial.

Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

      Here, the Plaintiff by her own admission offers no new evidence, instead relying on the record already before the Court. Although Plaintiff argues these three points of law with renewed force, the Court finds that these arguments are appropriately addressed by its Order and Reasons. The evidence to which Plaintiff points does not create a genuine issue of material fact as to the driver's intoxication at the time of the accident, nor as to Defendants' condoning of his behavior. Nor can Plaintiff's direct negligence claim survive when, as the Court has found, the driver's willful misbehavior carried him beyond the scope of his employment. The Court therefore specifically finds that the conclusions expressed in its Order and Reasons are consistent with the law and the evidence, and do not merit reconsideration. Accordingly, the Court will deny Plaintiff's Motion.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (R. Doc. 94) is hereby **DENIED**.

New Orleans, Louisiana, this 28th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE